UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Selective Insurance Company of America, | Case No. 19-cv-0082 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| Community Living Options Inc. et al., | |
| Defendants. | |

Before the Court are Plaintiff Selective Insurance Company of America's motion for judgment on the pleadings, (Dkt. 13), and Defendant Community Living Options Inc.'s cross-motion for partial judgment on the pleadings, (Dkt. 22). For the reasons addressed below, Plaintiff's motion is granted and Defendant's motion is denied.

## BACKGROUND

Plaintiff Selective Insurance Company of America (Selective Insurance) provides insurance for Defendant Community Living Options Inc. (CLO), a facility for in-home foster care services for adults with behavioral, cognitive, and medical challenges. Defendants Alexis A. O'Brien and Erin M. Lundblad were employed by CLO as caretakers during the relevant time period. Selective Insurance and CLO dispute whether Selective

Insurance is required to defend and indemnify CLO in an underlying Minnesota state court case.[1]

On or about August 24, 2017, the County of Sherburne and Minnesota Department of Human Services placed Nathaniel Luke Chambers into one of CLO's facilities. During Chambers's introduction into the facility, CLO created a file with Chambers's mental health and medical history. Although CLO omitted information about Chambers's prior violent and sexual behaviors, CLO implemented several policies with respect to Chambers's supervision. These policies included requirements that female employees wear loose-fitting clothing when around Chambers and supervision of Chambers by two employees.

Chambers engaged in a series of aggressive acts that escalated in severity between August 24, 2017, and October 14, 2017. Chambers threw batteries, a remote control, and a bottle at Lundblad, threatened Lundblad with a butter knife, and punched O'Brien in the face. And Lundblad alleges that on the evening of October 14, 2017—while she was the only employee assigned to supervise Chambers—Chambers violently raped her.

O'Brien and Lundblad brought a lawsuit against CLO in state court for failure to take reasonable precautions to protect them; failure to use reasonable care to provide a safe work environment; discrimination on the basis of sex based on CLO's terms, conditions and requirements of employment; failure to take remedial measures to prevent sexual

---

[1] The following details are taken from the allegations in the amended complaint filed in Minnesota District Court, Tenth Judicial District. *Lundblad v. Chambers*, No. 13-cv-18-473 (Minn. Dist. Ct. filed Jun. 7, 2018). The parties do not dispute the allegations for the purpose of this motion.

harassment and discrimination; creation of a hostile work environment; and allowing unwelcomed sexual harassment.[2]

CLO sought insurance coverage by Selective Insurance to defend against these claims. Selective Insurance initially refused to defend CLO, contending that the claims were excluded by the insurance policy. But, after a workers' compensation ruling in Minnesota state court on related matters, Selective Insurance acknowledged that one of the claims could "potentially trigger coverage outside the exclusion." In its agreement to defend CLO, Selective Insurance reserved the right to withdraw its defense after additional investigation of the claims and facts. Selective Insurance now seeks to withdraw its defense.

At issue here is whether the state-court claims against CLO are covered under its insurance policy. Selective Insurance maintains that it has no duty to defend or indemnify CLO in the state-court action and seeks a declaratory judgment to that effect. In its counterclaim, CLO asserts that Selective Insurance breached its contract with CLO. CLO also filed a cross-motion for partial judgment on the pleadings, arguing that Selective Insurance at least has a duty to *defend* CLO in the Minnesota state-court action.

## ANALYSIS

Both Selective Insurance and CLO seek declaratory judgment in their respective motions for judgment on the pleadings. When there is a "case of actual controversy within

---

[2] O'Brien and Lundblad also brought claims against Chambers, the Minnesota Department of Human Services, and the County of Sherburne. Those defendants are not implicated in this federal litigation.

3

its jurisdiction," a federal court has the authority to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Accepting as true all facts pled by the non-moving party and drawing all reasonable inferences in the non-moving party's favor, a court shall grant a motion for judgment on the pleadings when "the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001). Here, the material facts are undisputed for the purpose of the present motions.

Minnesota state law governs the substantive issue of insurance coverage in this case. *See Corn Plus Coop. v. Cont'l Cas. Co.*, 516 F.3d 674, 678 (8th Cir. 2008) (applying Minnesota substantive law to an insurance case based on diversity jurisdiction). And under Minnesota law, principles of contract law govern the construction of insurance policies. *Nathe Bros., Inc. v. Am. Nat. Fire Ins. Co.*, 615 N.W.2d 341, 344 (Minn. 2000). The interpretation of an insurance policy presents a question of law, requiring a court to construe the policy "as a whole with all doubts concerning the meaning of language employed to be resolved in favor of the insured." *Haarstad v. Graff*, 517 N.W.2d 582, 584 (Minn. 1994) (internal quotation marks omitted). When an insurance policy is unambiguous, the "usual and accepted meaning" prevails. *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn. 1998).

4

## I. Duty to Defend

Selective Insurance argues that it does not have a duty to defend CLO in the state-court litigation because all of the claims fall within coverage exclusions to the insurance policy's coverage. CLO counters that at least some claims are arguably covered by the insurance policy and, as such, trigger Selective Insurance's duty to defend.

Under Minnesota law, "[a]n insurer seeking to escape its duty to defend has the burden of establishing that all parts of the cause of action fall clearly outside the scope of coverage." *Metro. Prop. & Cas. Ins. Co. & Affiliates v. Miller*, 589 N.W.2d 297, 299 (Minn. 1999). If "any part of the claim against the insured is arguably within the scope afforded by the policy," the insurer cannot escape its duty to defend the insured. *Id.* When an insurer's duty to defend is triggered by at least one claim, the duty to defend extends to all of the insured's claims, regardless of the merits of the claims. *Wooddale Builders, Inc. v. Md. Cas. Co.*, 722 N.W.2d 283, 302 (Minn. 2006).

To determine whether a claim triggers an insurer's duty to defend, the court compares the insurance policy to allegations in the complaint and facts outside of the complaint. *Haarstad*, 517 N.W.2d at 584. Coverage exclusions within an insurance policy are narrowly interpreted against the insurer. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn. 1989).

CLO's insurance policy includes several categories of liability coverage. But at the June 4, 2019 hearing on the parties' motions for judgment on the pleadings, CLO conceded

that it seeks coverage under only the Abuse or Molestation Liability section.[3]  The parties agree that, absent *any* coverage exclusions, the claims are covered under the Abuse or Molestation Liability section of the insurance policy.  At issue is whether the state-court claims fall within an exclusion to that section.

Under the employer's liability exclusion to the Abuse or Molestation Liability section, CLO is not covered for an "injury to [a]n employee . . . arising out of and in the course of: [e]mployment by or services provided to the insured; or [p]erforming duties related to the conduct of the insured's organization."  (Internal quotation marks omitted.)  An injury "aris[es] out of" employment or related duties when there is a causal connection between the claimed injury and the employment.  *Meadowbrook, Inc. v. Tower Ins. Co., Inc.*, 559 N.W.2d 411, 419 (Minn. 1997).  The employment need not be the proximate cause of the injury, and some of the alleged conduct may occur outside of the plaintiff's scope of employment.  *Id.* at 419-20.

Claims are causally connected to the plaintiff's employment when the employment "provide[s] the time and place" for the injuries and the injuries follow "as a result of the exposure occasioned by the nature of [the plaintiff's] employment."  *St. Paul Fire & Marine Ins. Co. v. Seagate Tech., Inc.*, 570 N.W.2d 503, 507 (Minn. Ct. App. 1997); *see also Foley v. Honeywell, Inc.*, 488 N.W.2d 268, 272 (Minn. 1992) (holding that an assault in a parking lot that was open to the general public arose out of plaintiff's employment because plaintiff was using that parking lot as a means to get to her employment).  When

---

[3]  The Abuse or Molestation Liability section covers "damages because of abuse or molestation resulting in injury." (Internal quotation marks omitted.)

claims are causally connected to a plaintiff's employment, that connection is not defeated merely because the injury was *also* motivated by personal animus.[4] *See St. Paul Fire*, 570 N.W.2d at 506-07 (rejecting employer's argument that the assault could not have arisen out of plaintiff's employment because there was a personal relationship between plaintiff and the attacker).

Selective Insurance maintains that the state-court claims stem from the "exposure occasioned by the nature" of O'Brien and Lundblad's employment at CLO. *See St. Paul Fire*, 570 N.W.2d at 505. O'Brien and Lundblad's employment at CLO provided the time and place for the assaults to occur. As alleged, O'Brien was assaulted while driving Chambers back to CLO's facility at the direction of CLO, and Lundblad was assaulted while on duty at the CLO facility. According to Selective Insurance, the state-court claims—each of which relates to the assaults or CLO's failures to prevent the assaults—are causally connected to O'Brien and Lundblad's employment at CLO. As such, the claims fall under the employer's liability exclusion.

CLO counters that the employer's liability exclusion does not exclude claims that are brought against CLO in its *non-employer* capacity. Certain sections of the insurance policy state that the employer's liability exclusion "applies whether the insured may be liable as an employer or in any other capacity." But in the employer's liability exclusion to the Abuse or Molestation Liability section, that modifying language appears only in the

---

[4] For this reason, CLO's assertion that Chambers's actions may have been the result of personal animus is not determinative.

7

context of claims brought by *relatives* of an employee, not by the employee. CLO argues that when employees—here, O'Brien and Lundblad—bring claims against a defendant in a *non-employer* capacity, such claims fall outside of the employer's liability exclusion to the Abuse or Molestation Liability section.

Although the Court considers the insurance policy as a whole, *Haarstad*, 517 N.W.2d at 584, the Court also has a duty to " 'fastidiously guard against the invitation to create ambiguities where none exist,' " *In re SRC Holding Corp.*, 545 F.3d 661, 666 (8th Cir. 2008) (quoting *Columbia Heights Motors, Inc. v. Allstate Ins. Co.*, 275 N.W.2d 32, 36 (Minn. 1979)). CLO's attempt to introduce ambiguity into the insurance policy is unavailing. The plain language of the employer's liability exclusion to the Abuse or Molestation Liability section precludes insurance coverage when an employee is injured while performing duties related to her employment. Selective Insurance has established that the state-court claims, as alleged, satisfy those requirements. The Court will not read into the insurance policy an additional distinction—namely, whether a claim is brought against an entity in its capacity as an employer or non-employer—that is not supported by the plain language of the insurance policy.

For these reasons, Selective Insurance has no duty to defend CLO.

## II.   Duty to Indemnify

Selective Insurance also contends that it has no duty to indemnify CLO. The duty to defend is broader than the duty to indemnify. *Metro. Prop.*, 589 N.W.2d at 299. As such, when an insurance company has no duty to defend, it has no duty to indemnify. By

establishing that it does not have a duty to defend CLO, Selective Insurance also has established that it does not have a duty to indemnify CLO.

Accordingly, Selective Insurance's motion for judgment on the pleadings is granted, CLO's cross-motion is denied, and Count II of CLO's counterclaim is dismissed.[5]

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Selective Insurance Company of America's Motion for Judgment on the Pleadings, (Dkt. 13), is **GRANTED**.

2. There is no coverage for the claims in the Minnesota District Court, Tenth Judicial District litigation afforded to Defendant Community Living Options Inc. under the insurance policy. Plaintiff Selective Insurance Company of America is discharged from any further duties or obligations with respect to the defense or indemnification of Defendant Community Living Options Inc. relating to the state-court litigation, as addressed herein.

3. Defendant Community Living Options Inc.'s Motion for Partial Judgment on the Pleadings, (Dkt. 22), is **DENIED**.

---

[5] In Count II of its counterclaim, CLO asserts that it "is entitled to a judgment declaring that Selective [Insurance] must provide insurance coverage, indemnification, and defense costs to CLO with respect to the Underlying Action." In light of the above conclusion, Count II of the counterclaim necessarily is dismissed with prejudice. Count I of the counterclaim, however, is broader in scope. Because no party has moved for judgment on or dismissal of Count I of the counterclaim, this Order does not reach that claim.

4. Count II of Defendant Community Living Options Inc.'s Counterclaim against Plaintiff Selective Insurance Company of America, (Dkt. 6), is **DISMISSED** with prejudice.

Dated: August 26, 2019
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge